FILED
CLERK

12/14/2021 3:45 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY,
FSB,

                Plaintiff,

    -against-

LENA WHITE,

               Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17-CV-02288 (AMD) (JMW)

**WICKS,** Magistrate Judge:

    Seldom do parties repeatedly and consistently defy court orders. Defendant Lena White—proceeding *pro se*—is an exception, failing to appear at *six* court-ordered conferences and to respond to an order to show cause. Specifically, as detailed in this Court's August 31, 2021 order, Defendant played truant for status conferences held on October 12, 2017 (DE 22), December 7, 2018 (DE 24), April 10, 2018 (DE 28), August 18, 2021 (DE 64), and August 30, 2021 (DE 67). After also averting the September 25, 2021 final pretrial conference, the Court issued an order to show cause as to why the Court should not recommend to the Hon. Ann M. Donnelly that Defendant's answer be stricken based on her repeated failure to appear in defiance of this Court's orders. (DE 72.) Defendant, radio silent, never responded to that order.

    The Court has made clear that Defendant's noncompliance would have repercussions, and indeed "forewarn[ed] Defendant that continued nonappearance and noncompliance with this Court's orders could very well result in a recommendation of default." (DE 67 at 1.) Because those cautions were not heeded, the Court now respectfully recommends *sua sponte* to Judge Donnelly that Defendant's answer be stricken and that Plaintiff be directed to promptly seek a default judgment against Defendant.

## DISCUSSION

Federal Rule of Civil Procedure 16 permits the imposition of sanctions—including those authorized by Rule 37(b)(2)(A)(ii)-(vii)— when a party fails to appear at a court-ordered conference or fails to comply with other pretrial orders. Fed. R. Civ. P. 16(f); *see Rahman v. Red Chili Indian Café, Inc.*, 17-CV-5156 (RA) (BCM), 2019 WL 6619893, at *3 (S.D.N.Y. July 12, 2019). In such circumstances, the Rules authorize sanctions in the form of "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Courts look to several factors when considering the appropriate sanction, including "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-complaint party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 16-CV-4472 (JLC), 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

The Court will address each factor in turn below. Before doing so, it is worth noting that "a single pretrial violation, such as [a] party's failure to respond to a document request by the date ordered, would not ordinarily result in an imposition of a sanction of such finality as striking defendants' answer and entering judgment by default." *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 954 (2d Cir. 1983) (citation omitted). That said, it is within the district court's discretion to impose such harsher sanctions where defendants exhibit a "continuing saga of dilatory conduct," and where they have had notice of the orders with which they failed to comply, paired with "an opportunity to argue [their] case against the proposed sanction." *Id.*; *see Rahman*, 2019 WL 6619893 at *3. With these considerations in mind, the Court turns to the application of the relevant factors.

*First*, Defendant's noncompliance with the Court's orders has been willful. As noted above, Defendant failed to appear for six pretrial conferences, including the final pretrial conference. (*See* DE 22, 24, 28, 64, 67, 72.) Defendant has shown that she is more than capable of defending this action and participating in court-ordered conferences. (*See, e.g.*, DE 16 (Defendant's answer to the complaint), 30 (Defendant appeared at status conference).) Such conduct indeed constitutes willfulness and supports the

imposition of harsh sanctions. *See Sanchez*, 2018 WL 4502008 at *3 (finding willfulness where defendants were "plainly . . . aware" of lawsuit, based on their filing of an answer and attending a settlement conference, yet failed to defend the action); *Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303 (RER), 2017 WL 9253412, at *3 (E.D.N.Y. Nov. 21, 2017) (finding willfulness after initial participation in lawsuit and subsequent defiance of court orders), *report and recommendation adopted by* 16-CV-5303, Electronic Order dated Mar. 13, 2018.

*Second*, any lesser sanctions would be ineffective given that Defendant has halted in responding to court orders, attending conferences, or otherwise defending this action. Indeed, Defendant's "repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be an exercise in futility." *Sanchez*, 2018 WL 4502008 at *4 (internal quotation marks and citations omitted); *see Performance Elecs., LLC v. Tri Valley Recyclers, LLC*, 15-CV-710 (JFB) (SIL), 2016 WL 11339559, at *2 (E.D.N.Y. Nov. 16, 2016) ("The Court has considered the efficacy of lesser sanctions, but concludes that because defendants have repeatedly failed to comply with the orders of the Court, any lesser sanction would be futile."). Defendant's actions lead to the conclusion that lesser sanctions would be ineffective in prompting future compliance.

*Third*, the duration of Defendant's noncompliance weighs in favor of severe sanctions. Defendant's earliest absence from a court-ordered conference appears to have occurred on October 12, 2017. (DE 22.) From that point, Defendant stowed away for nearly three months— shirking another status conferences and failing to cooperate with Plaintiff's counsel—until finally reappearing on January 18, 2018. (*See* DE 24, 25, 26.) Since this matter was reassigned to the undersigned, Defendant has—over a period of nearly four months—failed to appear at three court-ordered conferences and failed to respond to an order to show cause. (DE 64, 66, 72.) Such recurrent and extended noncompliance warrants severe sanctions. *See Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) ("On this front, durations of time as brief as a few months have been held to weigh in favor of dispositive sanctions.") (collecting cases).

*Finally*, the Court has made it abundantly clear that Defendant's repeated defiance of court orders would lead to a recommendation of dispositive sanctions. After Defendant missed the August 30, 2021 status conference, the Court issued an order "forewarning Defendant that continued noncompliance with this Court's orders could very well result in a recommendation of default." (DE 67 at 1.) Once Defendant missed the following conference on October 25, 2021, the Court directed "*pro se* Defendant to show cause as to why the Court should not recommend to the Hon. Ann M. Donnelly that Defendant's answer be stricken based on her repeated failure to appear in defiance of this Court's orders," noting that "[f]ailure to respond may result in the Court recommending striking of the answer and entry of default." (DE 72.) In light of the Court's unremitting warnings to Defendant, the final factor—whether the noncompliant party had been warned of the possible consequences of noncompliance—weighs in favors of striking Defendant's answer.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's answer (DE 16) be stricken, and that Plaintiff promptly seek a default judgment against Defendant.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Plaintiff. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant by the following three methods: (1) overnight mail through USPS to her P.O. Box; (2) overnight FedEx to her home address; and (3) attaching to a text, a PDF or image of this order to the phone number she provided to counsel. Counsel for Plaintiff shall promptly file proof of service for all above methods on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party

shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:   Central Islip, New York
         December 14, 2021

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge