UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
**WILMINGTON SAVINGS FUND SOCIETY,**
**FSB,** *d/b/a Christiana Trust, not individually but as* :
*trustee for Carlsbad Funding Mortgage Trust,*
: **MEMORANDUM AND ORDER**
Plaintiff,
: 17-CV-2288 (AMD) (JMW)
– against –    :
:
**LENA WHITE,** *et al.*,
:
Defendants.
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff Wilmington Savings Society, FSB, d/b/a Christiana Trust as trustee for Carlsbad Funding Mortgage Trust, commenced this diversity action pursuant to Article 13 of the New York Real Property Actions and Proceedings Law §§ 1301 *et seq.*, against, among other defendants, Lena White, seeking to foreclose on a mortgage encumbering residential property located at 105 Custer Avenue, Williston Park, New York 11596. (ECF No. 2.) On June 13, 2017, the *pro se* defendant White filed her answer.[1] (ECF No. 16.) On August 16, 2019, Judge Roslynn R. Mauskopf stayed the case pending White's bankruptcy proceedings, and lifted the stay on April 13, 2021 after the bankruptcy case was dismissed. On June 22, 2021, Judge Mauskopf denied the plaintiff's motion for summary judgment against White, and referred the case to Magistrate Judge James M. Wicks for pretrial proceedings. (ECF No. 61.) White did not appear for two status conferences before Judge Wicks on August 18, 2021 and August 30, 2021,

---

[1] White's answer did not deny the plaintiff's allegations in the complaint, but appeared to argue that the plaintiff is a citizen of New York, and that therefore there was no diversity among the parties. (ECF No. 2 at 1.) She stated that she was "filling [sic] a motion to have this case remove[d] from the federal court to the [state court] where the property is located." (*Id.*) White did not file a motion to remand.

or the final pretrial conference on October 25, 2021.[2] (ECF Nos. 64, 67, 72.) On October 25, 2021, Judge Wicks ordered White to show cause by November 8, 2021 as to why he should not recommend to this Court that her "answer be stricken based on her repeated failure to appear in defiance of [Judge Wicks's] orders." (ECF No. 72.) After White did not respond to the order to show cause, Judge Wicks issued a *sua sponte* Report and Recommendation on December 14, 2021, in which he recommended that White's answer be stricken.[3] (ECF No. 76.) Judge Wicks reasoned that severe sanctions are appropriate because White's noncompliance was "willful," "repeated" and "extended," and because he had warned her that her continued noncompliance would lead him to recommend dispositive sanctions. (*Id.* at 1-4.) In addition to White's non-compliance with his three conference orders and the order to show cause, Judge Wicks highlighted her absence from three court-ordered conferences on October 12, 2017, December 7, 2017, and April 10, 2018, before the case was reassigned to him. (*Id.* at 1 (citing ECF Nos. 22, 24, 28).) No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis*

---

[2] At each of conference, Judge Wicks directed the plaintiff to serve White with a copy of the conference order and file proof of service. The plaintiff filed affidavits of service on August 18, 2021, August 31, 2021 and October 26, 2021. (ECF Nos. 65, 69, 74.)

[3] Judge Wicks directed the plaintiff to serve White with a copy of the Report and Recommendation by three methods: overnight mail through the United States Postal Service, overnight FedEx delivery and text message to the phone number she provided to the plaintiff. (ECF No. 76.) The plaintiff filed affidavits of service by these methods on December 15, 2021. (ECF No. 77.)

*v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal quotation marks omitted)).

## CONCLUSION

I have reviewed Judge Wicks's well-reasoned Report and Recommendation and find no error. Accordingly, I adopt the Report and Recommendation in its entirety. The defendant Lena White's answer is stricken. If the plaintiff wishes to move for default judgment, it is directed to do so within 30 days of this order. The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* defendant.

**SO ORDERED.**

                                                            s/Ann M. Donnelly
                                                            ANN M. DONNELLY
                                                            United States District Judge

Dated: Brooklyn, New York
           January 19, 2022