UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

WILMINGTON SAVINGS FUND SOCIETY, FSB,
D/B/A CHRISTIANA TRUST, , *not individually but as trustee for Carlsbad Funding Mortgage Trust,*

                Plaintiff,

- against -

LENA WHITE; PEOPLE OF THE STATE OF NEW YORK C/O THE INCORPORATED VILLAGE OF WILLISTON PARK; JOSEPH MICELI; CITIBANK (SOUTH DAKOTA), N.A.; FAIRFIELD TOWN CENTRE LLC, "JOHN DOE #1" *through* "JOHN DOE #10,"

                Defendants.

**MEMORANDUM DECISION AND ORDER**

2:17-cv-02288 (AMD) (JMW)

**ANN M. DONNELLY,** United States District Judge:

The plaintiff filed this action in April 2017 to foreclose on a mortgage on real property against the defendant Lena White, who lives in the home.[1] (ECF No. 2.) The plaintiff moved for summary judgment, (ECF No. 34), and Magistrate Judge Steven Locke recommended granting default judgment against the non-mortgagor defendants but denied summary judgment as to Ms. White. (ECF No. 37.) Judge Roslyn Mauskopf adopted that report and recommendation and referred the case for pre-trial proceedings.[2] (ECF No. 61.) When the defendant did not appear for pretrial conferences, Judge Wicks ordered her to show cause as to why her answer should not be stricken based on her continued nonappearance and noncompliance. (ECF No. 72.) The defendant did not respond. I adopted Judge Wicks'

---

[1] The plaintiff also sued other entities and individuals.

[2] The case was reassigned to Magistrate Judge James Wicks on May 13, 2021, and to me on July 2, 2021.

recommendation that the answer be stricken and directed the plaintiff to seek a default judgment. (ECF No. 78.) The plaintiff's successor in interest, U.S. Bank, filed a timely motion for default judgment, which I referred to Judge Wicks on February 22, 2022.

Judge Wicks issued a comprehensive Report and Recommendation on July 27, 2022 recommending that I grant the plaintiff's motion in part and award the outstanding balance of $132,046.76 plus $32,247.07 in interest, and an additional $12.14 in per diem interest until the date on which judgment is entered. (ECF No. 85.) However, he recommended that I deny the plaintiff's request for costs and attorney's fees. Judge Wicks determined that the plaintiff did not substantiate the amount it sought in costs and did not meet the minimum documentation requirements to recover a flat fee for attorney services. (*Id*. at 20-21.)

The plaintiff filed a timely objection to Judge Wicks' report, claiming that it has provided sufficient evidence to recover advanced and other costs, as well as attorney's fees. (ECF No. 86.) I address each objection in turn.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [r]eport and [r]ecommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)) (internal quotation marks omitted). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (alterations omitted) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

**I.  Advanced and Other Costs**

Counsel requested $107,245.83 for "advanced money for payment of taxes, insurance, etc." (ECF No. 86.) As Judge Wicks explained, the mortgage instrument included a provision for the lender to recover costs: "In any lawsuit for foreclosure and sale, lender will have the right to collect all costs and disbursements and additional allowances allowed by applicable law and will have the right to add all reasonable attorneys' fees to the amount [owed]." (EFC 84-5 at ¶22.) These costs are routinely awarded in foreclosure actions. *See, e.g., Nationstar Mortg. LLC v. Kadlec*, No. 20-CV-363, 2021 WL 7906568, at *5 (E.D.N.Y. Jan. 11, 2021); *Freedom Mortg. Corp. v. Weisblum*, No. 19-CV-2033, 2020 WL 5881235, at *11 (E.D.N.Y. Aug. 19, 2020), *report and recommendation adopted as modified*, No. 19-CV-2033, 2020 WL 5878262 (E.D.N.Y. Oct. 2, 2020).

Judge Wicks determined that the plaintiff did not give a sufficient basis for an award of $107,425.83 in costs (aggregate sum and interest less unpaid principle). The plaintiff has provided additional clarifying information in its objection and explains that the amount is for

3

"funds due and owing to it for advances for taxes, hazard insurance, property inspections and property preservation services." (ECF No. 86.) The plaintiff cites two exhibits as well as an addendum to an affidavit attached to their motion for default judgment that includes a computation of the amount due, including a breakdown of total advances by annual tax advances, and amounts paid for hazard insurance, property inspection and property preservation. (*Id*.) The numbers summarized in the affidavit are substantiated by a "customer account activity statement" and a "judgment figures" statement. (ECF No. 84-9, 10.) Specifically, that balance consists of $10,385.78 for hazard insurance, $1,145.50 for property inspections, $1,154.59 for property preservation expenses, and $96,710.18 for taxes since 2013. Each tax payment from January 2013 through January 2022 is documented. This documentary evidence adequately explains the basis for plaintiff's request. *See CIT Bank, N.A. v. Ayers*, No. 15-CV-7256, 2017 WL 3822083, at *3 (E.D.N.Y. July 18, 2017), *report and recommendation adopted*, No. 15-CV-7256, 2017 WL 3726042 (E.D.N.Y. Aug. 24, 2017). Accordingly, I modify the Report and Recommendation to award the plaintiff $107,425.83 in costs.

## II. Attorney's Fees

The plaintiff also requested $4,950.00 in attorney's fees. (ECF No. 84-19.) Judge Wicks found that the plaintiff is contractually entitled to recover reasonable attorney's fees, but it did not provide sufficient documentation for this request. (ECF No. 85 at 21.) The plaintiff maintains that it submitted an affidavit of services rendered, providing "breakdown and description of the work performed . . . as well as the time spent or to be spent on work in this case." (ECF No. 86 at 3.) I agree with Judge Wicks that the plaintiff's submission does not substantiate an award for attorney's fees.

"The starting point for determining a reasonable fee is to calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Wells Fargo Bank, N.A. v. Barnes*, No. 16-CV-00533, 2018 WL 6028050, at *6 (N.D.N.Y. Nov. 16, 2018). "The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records." *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015). "A recreation of time records based on documents, calendars and other extrinsic evidences is insufficient." *Id*.

The plaintiff submitted an affirmation of services rendered, enumerating task descriptions that are "typical of foreclosure proceedings and have or will be performed." The list includes "anticipatory services to be rendered." Although the descriptions include an amount of time expended, these appear to be estimates based on the "typical" or "anticipated" needs of a foreclosure case. None of the descriptions include the date the services were performed, or name of the attorney responsible. These do not appear to be "contemporaneous records," as required in this Circuit. There is also no indication that the submission is specific to this case. Moreover, the affirmation provides no hourly rate against which I can assess the reasonableness of the "flat fee agreement." On this record, Judge Wicks was correct to deny an award of attorney fees. Accordingly, I deny the plaintiff's motion for attorney's fees without prejudice with leave to resubmit a more detailed affidavit in support of the application.

## CONCLUSION

Accordingly, plaintiff's motion for default judgment and judgment of foreclosure and sale is granted in part and denied in part as follows:

1. The caption is amended to reflect U.S. Bank as the proper plaintiff as successor in interest to Wilmington;

2. The claims as against the Doe Defendants are dismissed without prejudice;

3. A judgment of foreclosure and sale pursuant to RPAPL § 1351 and default judgment against Ms. White is granted; and

4. The plaintiff is awarded the principal sum of $132,046.76, plus $32,247.07 in interest, $107,425.83 in costs and an additional $12.14 in per diem interest until the date on which judgment is entered.

5. The plaintiff may resubmit their application for attorney's fees within 30 days of this judgment.

Judgment will be entered at the appropriate time and the Property will be foreclosed and sold, with the proceeds to be applied to the amount owed on the Note.

**SO ORDERED.**

                                                                    s/Ann M. Donnelly
                                                                    ANN M. DONNELLY
                                                                    United States District Judge

Dated: Brooklyn, New York
        September 14, 2022