Case 2:17-cv-02288-AMD-JMW   Document 91   Filed 05/11/23   Page 1 of 10 PageID #: 1284

FILED
CLERK

May 11, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

WILMINGTON SAVINGS FUND SOCIETY, FSB,

         Plaintiff,

-against-

LENA WHITE *et al*.,

         Defendants.

-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

17-cv-2288 (AMD) (JMW)

**A P P E A R A N C E S:**

Louis Anthony Levithan, Esq.
**Knuckles, Komosinski & Manfro, LLP**
50 Tice Blvd, Suite 183
Woodcliff Lake, NJ 07677
*Attorney for Plaintiff*

Stuart Lawrence Kossar, Esq.
**Kriss & Feuerstein LLP**
360 Lexington Avenue, Suite 1200
New York, NY 10017
*Attorney for Plaintiff*

**Lena White**
105 Coster Avenue
Williston Park, NY 11596
*Appearing Pro Se*

1

**WICKS,** Magistrate Judge:

Plaintiff, Wilmington Savings Fund Society, FSB, commenced this mortgage foreclosure action against several different defendants to recover monies on a residential property. Compl. ¶1 (DE 2). All defendants have failed to appear or otherwise defend the case and the Court has entered default judgments against them accordingly. (DE 61 at 1, 6, 11; DE 83.) Plaintiff's counsel now seeks attorneys' fees and submits an affidavit of services rendered and their credentials, which is on referral to the undersigned from the Hon. Ann M. Donnelly for a Report and Recommendation. (DE 88, 89, and 90; Electronic Order dated Sept. 28, 2022.) For the reasons stated herein, the undersigned respectfully recommends granting Plaintiff's motion for attorneys' fees.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brought this suit pursuant to New York Real Property Actions and Proceeds Law ("RPAPL") Art. 13. Compl. ¶1 (DE 2.) Specifically, Plaintiffs seeks to foreclose a mortgage on a New York property. *Id.* Plaintiff filed this Complaint against the following defendants:

- Lena White, an individual who lived on and owned the premises;

- The People of the State of New York c/o Village of Williston Park, which held a lien encumbering the property and subject and subordinate to Plaintiff's mortgage;

- Joseph Miceli, an individual that held a lien encumbering the premises subject and subordinate to Plaintiff's mortgage;

- Citibank (South Dakota), N.A., a national banking association holding a lien encumbering the premises that is subject and subordinate to Plaintiff's mortgage;

2

- Fairfield Town Centre LLC, a company holding a lien encumbering the premises that is subject and subordinate to Plaintiff's mortgage; and

- Defendants John Doe #1 through #10 who are unknown to Plaintiff but appeared to be "tenants, occupants, persons or corporations…having or claiming an interest" on the property.

*Id.* at ¶¶ 5-10.

On June 13, 2017, Lena White filed an Answer to the Complaint. (DE 16.) Since then, there have been several instances in which White failed to appear at Status Conferences. (DE 22, 24, 28.) On May 28, 2019, Magistrate Judge Steven I. Locke recommended that default judgment be entered against Defendants Citibank, Fairfield Town Centre LLC, Joseph Miceli, and the Incorporated Village of Williston Park and denied against White and ordered that Defendants John Doe #1 through #10 be struck from the caption. (DE 37.)

White filed for bankruptcy in August 2019 and this Court stayed the case pending White's bankruptcy proceeding. (DE 40; Electronic Order dated August 16, 2019.) On October 4, 2019, Plaintiff's counsel informed the court that White's bankruptcy filing was dismissed effective September 21, 2019, and the stay was subsequently lifted. (DE 42.) On October 22, 2019, Defendant White refiled for bankruptcy, reinstating the stay. (DE 43; Electronic Order dated October 30, 2019.) However, Plaintiff filed a status report on April 12, 2021, indicating that White's bankruptcy case was again dismissed, prompting the court to lift the stay once again. (DE 56.) On June 22, 2021, District Judge Roslynn R. Mauskopf adopted Magistrate Judge Locke's Report and Recommendation, and entered default judgment against the Non-Mortgagor Defendants Lena White, John Doe #1 through #10, People of the State of New York c/o Village of Williston park, Joseph Miceli, Citibank (South Dakota), N.A., and Fairfield Town

Centre LLC and denied Wilmington's motion for summary judgment against Defendant White because Plaintiff has not demonstrated "an absence of material issue as to its compliance with the notice requirements" per the RPAPL. (DE 61 at 1, 6, 11.)

Defendant White failed to appear for the sixth time for a court conference as of October 2021. (DE 64, 66, 72.) A few months later in January 2022, District Judge Donnelly adopted the undersigned's Report and Recommendation to strike White's answer and directed Plaintiff to move for default judgment within 30 days of her order. (DE 76, 78.)

The Clerk of the Court subsequently entered default against White (DE 83), and Plaintiff filed its motion for default judgment and judgment of foreclosure and sale as well as a motion for refund of fees to be paid electronically. (DE 80, 82, 84.) Judge Donnelly adopted the undersigned's Report and Recommendation in part, ruling that Plaintiff should resubmit its contemporaneous billing fees to support its claim for attorneys' fees. (DE 85, 87.) Now, before the Court is Plaintiff's renewed application for attorneys' fees which was referred to the undersigned by Judge Donnelly. Specifically, Plaintiff's counsel has submitted an affidavit of services rendered for this case as well as Plaintiff's counsels' credentials in order to support their claim for attorneys' fees. (DE 88, 89, and 90.)

## **LEGAL STANDARD**

Paragraph 22 of the Mortgage further provides that "[i]n any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount [borrower] owe[s] Lender . . ." (DE 84-5 at 9.) Thus, Plaintiff is contractually entitled

4

Case 2:17-cv-02288-AMD-JMW  Document 91  Filed 05/11/23  Page 5 of 10 PageID #: 1288

to recover reasonable attorneys' fees and costs resulting from any foreclosure proceeding and White's default.

"In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done." *Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 618, 624 (W.D.N.Y. 2018). "The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." *OneWest Bank, N.A. v. Denham*, CV 14-5529 (DRH) (AKT), 2015 WL 5562980, at *10 (E.D.N.Y. Aug. 31, 2015); *U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384 (CS), 2016 WL 6902480, at *6 (S.D.N.Y. Nov. 22, 2016) ("Although the $2,900 requested by Plaintiff's counsel seems reasonable for the amount of work involved in connection with this foreclosure, the lack of contemporaneous time sheets precludes any such award").

This Court "enjoys broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty*

5

*Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011).

A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte,* No. 13-cv-6111 (CBA) (LB), 2014 U.S. Dist. LEXIS 196448, at *10-11 (E.D.N.Y. Aug. 11, 2014) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007)). In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110 (JS) (ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates.").

**DISCUSSION**

**A. Reasonableness of the Fees**

In support of their request for attorneys' fees and costs, Plaintiff's counsel has provided billing records with an itemized breakdown of hours and descriptions of each task conducted. (DE 88.) *See New York Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (noting that fee applications should include "contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of the work done").

Here, Plaintiff seeks to recover a flat fee of $4,950.00 for the services rendered according to a FANNIE MAE flat rate fee agreement. (DE 88 at 10.) In support of its claim for attorneys'

fees, Plaintiff has submitted an Affirmation of Services Rendered by Louis A. Levithan, Esq., which provides the description of the services that were "rendered by th[e] office to the Plaintiff in the processing of this foreclosure action." (*Id.* at 1.)

In order to determine the reasonableness of this request, the Court must undertake a Lodestar analysis. *See Millea*, 658 F.3d at 166. In support of this application, Plaintiff's billing records show a total of $22,057.50 in fees for the 88.5 hours of work billed.[1] (DE 88 at 10.) From June 15, 2017 to May 1, 2018, Stuart Kossar billed $215 per hour for 35.5 hours and from July 12, 2018 to July 20, 2018 for 13 hours, he billed $275 per hour. (*Id.* at 2-5.) While at the firm, working on this case, he billed a total of $11,207.50. (*Id.*) Levithan billed 3 hours at $225 per hour and 37 hours at $275 per hour. (*Id.* at 5-9.) His total rate per hour billed was $10,850.00. (*Id.*) The sum of Plaintiff's counsels' lodestar calculation therefore comes to $22,057.50. The Court finds the number of hours expended on this matter to be reasonable, considering the length of preparation, drafting, and active communications. Specifically, the hours spent on this case reflect reviewing documents for this case, preparing status updates to the client and to the court engaging with Defendant, attending court conferences, drafting affidavits in support of summary judgment and gathering accompanying exhibits, and all other staff work in support of the same. (DE 88 at 2-9.) *See Sagax Dev. Corp. v. ITrust S.A.*, No. 1:19-CV-3386 (RA) (JW), 2022 WL 2663488, at *1 (S.D.N.Y. July 11, 2022) ("A court-awarded attorneys' fee must compensate only for 'hours reasonably expended on the litigation,' not for 'hours that are excessive, redundant, or otherwise unnecessary.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

---

[1] There is a slight discrepancy in Plaintiff's hours and fees calculated in DE 88. Plaintiff's hours as per its affidavit amounts to 87 hours and $21,705.00 in fees. However, the amount should be 88.5 hours and $22,057.50 in fees.

7

Additionally, the Court finds the fee rates of $215.00 to $275.00 per hour for Mr. Kossar, and the $275.00 fee per hour for Mr. Levithan, to be reasonable. *See Hall v. ProSource Techs., LLC*, 14-CV-2502 (SIL), 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016 (noting that "[c]ourts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates . . . ") (citation omitted)). Therefore, based on the total lodestar amount of $22.057.50.00, the Court finds the requested attorneys' fees of $4,950.00 to be objectively reasonable.

### B. Attorney Credentials

Attorney credentials are to be considered, to wit, "a party moving for attorneys' fees must provide the credentials—law school matriculation, practice area, and years of experience in the relevant practice area—to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018). Without this information, "the court may reduce the award [of attorney's fees] accordingly," *Fuchs v. Tara General Contracting, Inc.*, No. 06-CV-1282 (ETB), 2009 WL 3756655, at *1 (E.D.N.Y. Nov. 3, 2009) (citations omitted), since it cannot evaluate what a client in the community would be willing to pay for "reasonably comparable skill, experience and reputation." *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Per the declarations of Louis A. Levithan and Stuart L. Kossar, the universe of individuals that billed on the matter include: (1) an associate attorney at $275 per hour with more than 8 years of experience to date and admitted to the bar in 2008 and (2) an associate attorney billing $215 per hour from June 15, 2017 to May 1, 2018 then $275 per hour from July 12, 2018

8

to July 20, 2018 with 9 years' experience to present and admitted to the bar in 2008. (See DE 88, 89, and 90.) Both of these individuals were employed by the law firm Knuckles, Komosinski & Manfro, LLP at the time they rendered these services. (DE 89 and 90.)

The affidavits provide information to support Levithan's and Kossar's hourly rates, namely where they each went to law school, what their practice area is, and their years of experience. (*Id.*) The Court finds Kossar's and Levithan's billable amount to be much higher than their respective flat fees. The Court further notes that both Levithan's and Kossar's hourly rates are well within the Eastern District's hourly rates. Therefore, the fee requested is reasonable.

## CONCLUSION

Therefore, the undersigned respectfully recommends an award of attorneys' fees in the amount of **$4,950.00.**

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604

9

(2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:   Central Islip, New York
         May 11, 2023

                              RESPECTFULLY RECOMMENDED,

                              /S/ *James M. Wicks*
                              JAMES M. WICKS
                              United States Magistrate Judge